## SUPREME COURT.

DAVID WILKLOW agt. JOHN J. BELL, DANIEL D. BELL and MEEKER GORHAM.

Where in an action against the maker and indorsers of a promissory note, the defendants put in separate answers and defend separately, and the plaintiff recovers a verdict against the maker only, and the other defendants have a verdict in their favor, the latter cannot tax their *costs* against the plaintiff *of course;* but must, under section 306, make application to the court, for an award of costs. (*This agrees with Bank of Attica agt. Wolf, ante, p.* 102; *and Zink agt. Attenburg, ante, p.* 108, *all general term decisions decided in September,* 1859.)

*Albany General Term, September,* 1859.

WRIGHT, GOULD *and* HOGEBOOM, *Justices.*

THE plaintiff sued John J. Bell as the maker, and Daniel D. Bell and Meeker Gorham as the indorsers of a promissory note, in this action. They all defended, having put in separate answers. The cause was tried at the Ulster circuit.

The jury rendered a verdict in favor of the plaintiff against John J. Bell, and against the plaintiff in favor of the defendants Daniel D. Bell and Meeker Gorham. The latter thereupon entered judgment for their costs, without application to the court, or an award of costs in their favor. The plaintiff objected unsuccessfully to the taxation, and the judgment being perfected, moved at the Poughkeepsie special term to set aside the judgment · as irregular for that reason, which motion was denied, and the plaintiff thereupon appeals to this court.

E. COOKE, *for plaintiff.*
C. SWAN, *for defendants.*

By the court—HOGEBOOM, Justice. By the terms of section 304 of the Code, costs are allowed, of course, to the plaintiff upon a recovery in the actions therein mentioned—which are the ordinary common law actions—with certain exceptions not material to be noticed. And as no discrimination is expressly made between cases where the plaintiff recovers against all of the defendants, and where he recovers only against some of them, and as no other provision is made for his costs in the latter contingency against the unsuccessful defendants, it, is perhaps fair to presume, and has been taken for granted if not expressly adjudicated in several cases, that in such contingency the plaintiff is entitled to costs against the party against whom he obtains a recovery of damages.

Section 305 allows costs of course, to the defendant in the same actions, unless the plaintiff is entitled to costs therein. This language has been construed to apply to the parties *distributively* as well as *collectively*—that is, to entitle the defending party to costs not only where there is a sole defendant, or where

there are several defendants, all succeeding against the plaintiff, but also where one or more of several defendants succeed against the plaintiff, the others being unsuccessful. (*Decker* agt. *Gardiner*, 4 *Seld.* 29; *Daniels* agt. *Lyon*, 5 *Seld.* 549; *Brown* agt. *Bowen*, 16 *How.* 544.)

Were there no other provision of the Code, these adjudications would be decisive of the present case, and would entitle the successful defendants to a judgment for costs as a matter of course. But there is another section, the effect of which is to be considered.

Section 306 provides that "in other actions costs may be allowed or not, in the discretion of the court." So far there is no ambiguity, and the language is expressly limited to *other* actions. Following this clause in the section in question, as it stood before the amendment of 1851, the section proceeded as follows: "*when* there are several defendants not united in interest, and making separate defences by separate answers, and the plaintiff fails to recover judgment against all, the *court may award* costs to such of the defendants as have judgment in their favor, or any of them." This phraseology considered in connection with the previous clause already quoted, and with sections 304 and 305, was considered only applicable to the classes of actions mentioned in section 306, and not to actions generally, or to those mentioned in sections 304 and 305. (*See cases before cited, and also Comstock* agt. *Bayard*, 2 *S. S. C. R.* 705; *Stone* agt. *Duffy*, 3 *id.* 761.)

But in 1851, the legislature slightly altered the sentence last quoted, by striking out the word "*when*," and inserting the words "*in all actions where.*" In so doing, I am of opinion they must have intended something more than a mere verbal or senseless alteration. I think, therefore, that clause should now be construed as embracing *all actions whatsoever* in which the plaintiff fails to recover against *all* the defendants, and hence that it becomes necessary for the *court* to determine whether the successful defendants shall or shall not have costs against the plaintiff. I infer this, 1, from the comprehensive terms employed; 2, from the very fact that the phraseology is

altered; 3, from the fact that the subsequent part of the section making costs discretionary in cases when a new trial is ordered, and when a judgment is affirmed in part, and reversed in part, has never been, so far as I know, supposed to be limited to the actions mentioned in the introductory clause of section 306, and, therefore, the provisions of the entire section are not, as has been argued, applicable only to other than common law actions. The whole section seems intended to provide for *all* cases (of actions), where costs are in the *discretion* of the court, and to group them together in a convenient form for perusal or examination. The view of this section which I have just expressed, is also taken by the superior court of New-York, in the cases of *Bulkley* agt. *Smith* (1 *Duer*, 704), and *Williams* agt. *Horgan* (13 *How.* 138), and is only opposed, so far as I know, by the case of *Brown* agt. *Bowen* (16 *How.* 544.) In the last case, the change of phraseology above referred to, does not seem to have attracted the attention of the court. And another ground for the last named decision is also noted in the following language, " and besides, the judge at the circuit gave him (defendant) judgment for costs."

I am of opinion, therefore, that the motion to set aside the judgment should have been granted. The order at the special term should be *reversed*, but without costs and without prejudice to an application by the defendants for costs, if they shall be so advised.